FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2023 MAR 17 AM 10: 29

MARGARET BOTKINS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| PROSPER WY LLC DBA MOTEL 6 CHEYENNE, *Plaintiff*, | § | CIVIL ACTION NO. 23-cv-44-J |
| v. | § | |
| CONSTITUTION INSURANCE COMPANY, *Defendant*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PARTIES**

1. Plaintiff, Prosper WY LLC dba Motel 6 Cheyenne, (hereinafter referred to as "Motel 6," "plaintiff" or "insured"), is Wyoming limited liability company whose sole member is Ghazal Abbas. Mr. Abbas is a citizen of the State of Texas.

2. Defendant, Constitution Insurance Company, (hereinafter referred to as "Constitution" or "Defendant") is a corporation that is incorporated under the laws of the State of New York. Defendant has its principal place of business in the State of Nebraska. Defendant may be served with process by serving its attorney for service of process, The Wyoming Commissioner of Insurance, at 106 East 6th Avenue, Cheyenne, WY 82002.

**JURISDICTION**

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because plaintiff and defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

**VENUE**

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

## FACTS – FEBRUARY 17, 2021 CLAIM

6. At all relevant times, plaintiff was a party to an insurance contract whereby defendant agreed to insure the commercial property located at the insured premises against property damage. The contract's policy number was CON-S13-21-0001000, issued by the defendant (hereinafter referred to as the "policy"). The policy is incorporated herein by reference as if set forth verbatim.

7. At all relevant times, the insured premises consisted of a hotel and surrounding area on which the plaintiff conducted business.

8. The policy provided insurance coverage for direct physical loss to the buildings located on the insured premises. Pursuant to the policy, plaintiff paid an annual premium to defendant in exchange for insurance coverage. Plaintiff paid the required premiums at all times relevant to this complaint.

9. On or about February 17, 2021, plaintiff's property sustained damaged when a motor vehicle crashed through the lobby. Plaintiff submitted a claim to Defendant against the policy for damage caused to the property as a result of the vehicle impact. Plaintiff asked Defendant to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy. Defendant assigned claim number 3943001 to plaintiff's claim.

10. After plaintiff reported the loss, Defendant inspected the property in question. The vehicle caused significant damage to the Motel 6 structure.

11. Defendant performed an unreasonable investigation by failing to document all the damage to the structure. Defendant did not conduct a thorough inspection and denied plaintiff sufficient compensation to repair the damage. As a result of Defendant's unreasonable and brief investigation, the insured was wrongly denied the full cost to repair the structure.

12. Defendant failed to properly adjust the claim and defendant has denied the claim without an adequate investigation, even though the policy provided coverage for losses such as those suffered by insured. Defendant had no reasonable basis to deny any portion of plaintiff's claim.

13. To date, Defendant continues to delay in the payment for the damages to the property. As such, the insured's claim(s) remain unpaid, and the insured still has not been able to properly repair the property.

## FACTS – FEBRUARY 19, 2021 CLAIM

14. At all relevant times, plaintiff was a party to an insurance contract whereby defendant agreed to insure the commercial property located at the insured premises against property damage. The contract's policy number was CON-S13-21-0001000, issued by the defendant (hereinafter referred to as the "policy"). The policy is incorporated herein by reference as if set forth verbatim.

15. At all relevant times, the insured premises consisted of a hotel and surrounding area on which the plaintiff conducted business.

16. The policy provided insurance coverage for direct physical loss to the buildings located on the insured premises. Pursuant to the policy, plaintiff paid an annual premium to defendant in exchange for insurance coverage. Plaintiff paid the required premiums at all times relevant to this complaint.

17. On or about February 19, 2021, plaintiff's property sustained damaged water damage. Plaintiff submitted a claim to Defendant against the policy for damage caused to the property as a

result of the water. Plaintiff asked Defendant to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.

18. After plaintiff reported the loss, Defendant inspected the property in question. The water caused significant damage to many rooms throughout the hotel.

19. Defendant performed an unreasonable investigation by failing to document all the damage to the structure. Defendant did not conduct a thorough inspection and denied plaintiff sufficient compensation to repair the damage. As a result of Defendant's unreasonable and brief investigation, the insured was wrongly denied the full cost to repair the structure.

20. Defendant failed to properly adjust the claim and defendant has denied the claim without an adequate investigation, even though the policy provided coverage for losses such as those suffered by insured. Defendant had no reasonable basis to deny any portion of plaintiff's claim.

21. To date, Defendant continues to delay in the payment for the damages to the property. As such, the insured's claim(s) remain unpaid, and the insured still has not been able to properly repair the property.

**POST-CLAIM UNDERWRITING**

22. Plaintiff alleges that defendant engaged in post-claim underwriting in its handling of plaintiff's claim. At the time that defendant sold the insurance policy to plaintiff, defendant fraudulently failed to recognize the risk posed by the applicant plaintiff before agreeing to insure plaintiff. This allowed defendant to immediately collect profits on the premium paid by the plaintiff. Defendant expended virtually no effort in underwriting the risk associated with the insurance policy to secure the policy sale and then launched an all-out investigation searching for any reason to deny the claim. In its use of post-claim underwriting, defendant searched for reasons to deny plaintiff's claim by conducting the type of evaluation that it should have conducted

before defendant sold the policy to plaintiff and before plaintiff paid insurance premiums to defendant. Had plaintiff known and understood that defendant would engage in post-claim underwriting before plaintiff agreed to purchase the insurance policy from defendant, the plaintiff would have made an informed decision and purchased coverage from a different insurance company. Defendant's actions allowed defendant to collect an upfront premium profit while scheming to betray its promise of full indemnity. In the case at hand, defendant's post-claim underwriting scheme caused plaintiff to purchase a worthless insurance policy and suffer financial property loss.

23. Defendant underwrote plaintiff's policy as part of a scheme to deny any claim plaintiff would file under the policy. Defendant's post-claim underwriting scheme caused defendant to wrongly deny plaintiff's claim. To date, defendant continues to delay in the payment for the damages to the property. As such, the plaintiff's claim remains unpaid, and the plaintiff was never able to properly repair the property.

## COUNT 1 – BREACH OF CONTRACT

24. The allegations contained in paragraphs 1-23 of this complaint are incorporated herein by reference as if set forth verbatim.

25. The policy issued by Defendant is a binding contract and is supported by valid consideration.

26. Defendant is in total material breach of the policy, and Defendant is liable to plaintiff in the maximum amount allowed by the policy for the loss. Specifically, Defendant's breach of contract includes the following, without limitation:

a. Defendant's failure and refusal to pay the amounts owed to plaintiff for the damage to the building on the insured premises caused by the loss;

b. Defendant's failure and refusal to pay the amounts owed to plaintiffs for the damage to the building on the insured premises caused by the loss; and

c. Defendant's failure and refusal to pay such other amounts to plaintiff as may be required by the policy.

27. As a result of Defendant's breach of contract, plaintiff has sustained substantial compensable losses for the amounts claimed under the policy.

28. Defendant is liable to plaintiff for its losses.

29. Defendant's breach of contract was intentional, malicious, and/or reckless, therefore justifying an award of punitive damages. Specifically, Defendant intentionally, fraudulently, maliciously, and/or recklessly:

a. failed to effectuate a prompt and fair settlement of plaintiff's claim when liability was reasonably clear;

b. refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding plaintiff's claim for insurance proceeds;

c. unjustly refused and/or failed to pay plaintiff's claim for its own financial preservation with no reasonable or justifiable basis;

d. ignored plaintiff's claim for no valid reason whatsoever;

e. failed to treat plaintiff's interests with equal regard to its own;

f. promised prompt action and claim handling but failed to provide sufficient payment or even any reasonable communication or status report;

g. ignored plaintiff's requests for status updates;

h. failed to acknowledge with reasonable promptness communications from plaintiff;

i. failed and refused to pay plaintiff's valid claim;

j. attempted to settle plaintiff's claim for less than the amount a reasonable person would believe plaintiff was entitled;

k. failed to provide any explanation whatsoever for its delay; and

l. hired biased investigators who decided that the damage was preexisting without an adequate basis.

30. Defendant knew, or reasonably should have known, that plaintiff was justifiably relying on the money and benefits due under the terms of the policy. Nevertheless, acting with conscious disregard for plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on plaintiff, Defendant consciously ignored plaintiff's valid claim, denied plaintiff's claim, and withheld monies and benefits rightfully due plaintiff. Plaintiff seeks and is entitled to punitive damages.

## COUNT 2 – BAD FAITH

31. The allegations contained in paragraphs 1-30 of this complaint are incorporated herein by reference as if set forth verbatim.

32. Defendant had no reasonable basis for denying plaintiff's claim. Furthermore, defendant had knowledge of the insurer's lack of a reasonable basis for denying plaintiff's claim, or the defendant recklessly disregarded the lack of a reasonable basis for denying plaintiff's claim.

33. Defendant intentionally failed to determine whether there was any lawful basis for its refusal to pay plaintiff's insurance claim.

34. Defendant's bad faith is evidenced by all the facts and allegations set forth above in this complaint, together with the following:

a. Defendant's intentional failure to fully inform plaintiff of its rights and obligations under the policy.

b. Defendant's intentional failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of plaintiff's claim when liability was reasonably clear;

c. Defendant's intentional refusal to pay plaintiff's claim and to otherwise honor its obligations under the policy without conducting a reasonable investigation based on all available information;

d. Defendant's intentional refusal to fully investigate plaintiff's claim and to obtain all available information before alleging that it had no further obligations to plaintiff;

e. Defendant's failure to provide plaintiff with a reasonable and accurate explanation for its failure to honor the entirety of plaintiff's claim;

f. Defendant's intentional failure to properly adjust plaintiff's claim and to pay plaintiff fully for its losses;

g. Defendant's intentional failure to pay all amounts due and owing under the policy with no reasonable or justifiable basis; and

h. Defendant's unjustified refusal to pay plaintiff's claim for its own financial preservation.

35. In so acting, Defendant intended to and did injure plaintiff in order to protect its own financial interests.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

## PRAYER

37. As a result of the foregoing, plaintiff would respectfully request that this Honorable Court award a judgment to plaintiff as follows:

a. For compensatory damages to plaintiff;

b. For punitive damages;

c. For mental anguish damages;

d. For all costs incurred by plaintiff as a result of this action;

e. Reasonable and necessary attorney fees;

f. For pre- and post-judgment interest; and

g. For such and other further and general relief as this Court deems just and equitable.

Respectfully submitted,

GULF COAST INSURANCE LAWYERS, P.C.
3233 West Dallas Street, Suite 2101
Houston, Texas 77019
Telephone: (713) 941-9309
Facsimile: (844) 270-0740

DANNY RAY SCOTT
Texas Bar No. 24010920
danny@gulfcoastinsurancelawyers.com

*Attorney for Plaintiff*